**FOR PUBLICATION**

```
          IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS & ST. JOHN
                                      )
Alexis C. Ramos, M.D.                 )
                                      )
          Plaintiff,                  )
                                      )   Civil No. 2006-130
          v.                          )
                                      )
Executive Airlines, Inc. d/b/a        )
American Eagle                        )
                                      )
                                      )
          Defendant.                  )
_____)
```

**ATTORNEYS:**

**Desmond L. Maynard, Esq.**
St. Thomas, U.S.V.I.
   *For the plaintiff.*

**Chad Messier, Esq.**
St. Croix, U.S.V.I.
   *For the defendant.*

### MEMORANDUM OPINION AND ORDER

**GÓMEZ, C.J.**

Before the Court is the appeal of the defendant, Executive Airlines, Inc. d/b/a American Eagle ("American Eagle" or "Defendant"), from an order entered by the Magistrate Judge on April 9, 2008, granting the motion of the plaintiff, Alexis Ramos, M.D. ("Ramos" or "Plaintiff") for an extension of time to respond to Defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56(f).

*Ramos v. Executive Airlines, Inc. d/b/a American Eagle*
Civil No. 2006-130
Memorandum Opinion and Order
Page 2

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 8, 2006, Ramos filed this action alleging that he slipped and fell while disembarking American Eagle's aircraft on St. Thomas. American Eagle subsequently filed a motion for summary judgment against Ramos.

Ramos, thereafter, filed a motion for an extension of time to conduct further discovery,[1] asserting that she needed to depose certain employees of American Eagle. Ramos further stated that on August 30, 2007, American Eagle agreed to make these employees available for depositions during the period of December 11-21, 2007. (Pl.'s Mem. Of Law in Supp. Mot. For Extension of Time, 1-2). Ramos also stated that on October 15, 2007, she sent another request to American Eagle, but received no response. *Id*. No affidavit was filed along with the motion for an extension of time. The Magistrate Judge granted the motion on April 9, 2008.

American Eagle timely appealed the Magistrate Judge's decision granting Ramos' motion for an extension of time. On appeal, American Eagle argues that the Magistrate Judge erred in granting the motion because the motion did not meet the

---

[1] The Plaintiff also timely filed an opposition to the Defendant's motion for summary judgment requesting that the court deny the Defendant's motion or in the alternative to grant a continuance to respond.

*Ramos v. Executive Airlines, Inc. d/b/a American Eagle*
Civil No. 2006-130
Memorandum Opinion and Order
Page 3

requirements of Rule 56(f).[2] American Eagle contends that Rule 56(f) requires such motions to be accompanied by affidavits.

## II. DISCUSSION

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and Rule 72.1(a)(1) of the Local Rules of Civil Procedure, a party may seek review of a magistrate judge's non-dispositive order by filing objections to the order with this Court within ten days after being served with a copy of the order. *Harrison v. Bornn, Bornn & Handy*, 200 F.R.D. 509, 513 (D.V.I. 2001). In reviewing a magistrate judge's order, a district court will modify or vacate any portion of the magistrate judge's order that is found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also Anthony ex rel. Lewis v. Abbott*, 289 F. Supp. 2d 667, 671 (D.V.I. 2003). A magistrate judge's order will be affirmed unless the Court is left with "the definite and firm conviction that a mistake has been committed." *Nicholas v. Wyndham Intern., Inc.*, 218 F.R.D. 122, 123 (D.V.I. 2003) (citing *Harrison*, 200 F.R.D. at 513.).

---

[2] Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such order as is just. Fed. R. Civ. P. 56(f).

### III. ANALYSIS

When the non-moving party petitions the court to delay ruling on a motion for summary judgment, the court has discretion in determining whether more time should be granted to conduct discovery. *See* Fed. R. Civ. P. 56(f).  The Court has interpreted Rule 56(f) as requiring a person seeking additional discovery to submit an affidavit specifying (1) what information is sought; (2) how that information would bar a summary judgment ruling; and (3) why it was not previously obtained. *Dowling v. Philadelphia*, 855 F.2d 136, 140 (3d Cir. 1988) (*citing Hancock Industries V. Schaffer*, 811 F.2d 225, 229-30 (3d Cir. 1987)).  This rule stands even where the movant is in possession of the facts essential to a summary judgment ruling. *Sames v. Gamble*, 732 F.2d 49, 51 (3d Cir. 1984).

Here, Ramos did not comply with the requirements of Rule 56(f).  Ramos submitted a memorandum to support the motion, but failed to submit an affidavit.  Although Ramos explained in the memorandum what information was sought, why it was not produced before, and how it would preclude summary judgment, it was not supported by a sworn affidavit. *See Schoch v. First Fidelity Ban Corporation*, 912 F.2d 654, 657 (3d Cir 1990) (disregarding information outlined in memorandum because it was not supported by an affidavit); *Radich v. Goode*, 886 F.2d 1391, 1394 (3d Cir.

*Ramos v. Executive Airlines, Inc. d/b/a American Eagle*
Civil No. 2006-130
Memorandum Opinion and Order
Page 5

1989) (noting that an unsworn memorandum is not an affidavit).[3] Without the necessary sworn documents, the motion for an extension of time should not have been granted. *See e.g., Pastore v. Bell Tel. Co.*, 24 F.3d 508 (3d Cir. 1994).

### IV. CONCLUSION

For the reasons stated above, it is hereby

**ORDERED** that the Magistrate Judge's, April 9, 2008, Order is **VACATED;** and it is further

**ORDERED** that Ramos' motion for an extension of time is **DENIED**.

S/_____
 CURTIS V. GÓMEZ
 **Chief Judge**

---

[3] According to the Third Circuit, if in fact the court is inclined to accept documents in support of a motion that are not affidavits, such documents must be sworn. *See Lee v. Thompson P.A.*, 163 Fed. Appx. 142, 143 (3d Cir. 2006) (unpublished opinion)(noting that "in lieu of the affidavit, plaintiff may provide a sworn, written statement that, after written request, the defendant failed to provide records that has substantial bearing on the preparation of an affidavit") (internal citations omitted).  The court imposes this requirement to ensure that the nonmoving party invokes the Rule 56(f) protection in good faith and to afford the trial court the showing necessary to assess the merits of a party's position. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253 (1968).